UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DEWITT GIBSON,

                                              Petitioner,

              -v.-                                                    9:04-CV-0820
                                                                     (LEK)(GHL)

DALE ARTUS, Superintendent,

                                              Respondent.

_____

APPEARANCES:                              OF COUNSEL:

DEWITT GIBSON
Petitioner, *pro se*

HON. ANDREW A. CUOMO                      GERALD J. ROCK, Esq.
New York State Attorney General           Assistant Attorney General


GEORGE H. LOWE, United States Magistrate Judge


**DECISION and ORDER**

On July 14, 2004, Petitioner Dewitt Gibson filed a Petition pursuant to 28 U.S.C. § 2254.

Dkt. No. 1.  Respondent filed a Response to the Petition.  Dkt. Nos. 14-20.  Petitioner thereafter

filed a Reply.  Dkt. Nos. 24, 27.

Petitioner has now filed a motion to amend his Petition together with a motion to stay this

proceeding in order to exhaust his state court remedies. Dkt. No. 28.  By his proposed Amended

Petition, Petitioner seeks to include additional ineffective assistance of counsel claims.  *Id*. at 3;

*see also id*., Proposed Amended Petition at 15-23.  Petitioner states that on October 10, 2006, he

filed a motion to vacate the judgment of conviction pursuant to Section 440.10 of New York's

Criminal Procedure Law ("440 motion") in state court to address his "claims of trial counsel's

ineffective assistance."  Dkt. No. 28 at 3.  Respondent opposes the motion to amend and the

motion to stay this proceeding.  Dkt. No. 30.  Respondent opposes the motion to amend, arguing

that leave to amend would be futile because (1) some of Petitioner's newly asserted claims are time-barred and (2) the remaining newly asserted claims are unexhausted and meritless. Dkt. No. 30 at 2-4. Respondent opposes the motion to stay this proceeding because Petitioner's newly raised claims are meritless. *Id*. at 4-5. Petitioner argues that all of his new claims, though unexhausted, are timely filed and that he should be given the opportunity to properly exhaust these claims in state court. Dkt. No. 31. Petitioner has recently informed the Court that "Schenectady County Court has granted [Petitioner] a hearing on the merits [of his 440 motion] and assigned Stephen L. Rockmacker [Esq. to represent him in the matter]." Dkt. No 32.

## I.    Motion to amend

Section 28 U.S.C. 2242 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." The Second Circuit has held that the standard for granting or denying a motion to amend a habeas petition shall be controlled by Rule 15 of the Federal Rules of Civil Procedure which provides that "leave to amend shall be freely given when justice so requires." *Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir.2001); *see also* FED. R. CIV. P. 15. A district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir. 1995) (per curiam). The decision to grant or deny leave to amend lies within the sound discretion of the district court. *See Lennon v. Seaman*, No. 99Civ.2664, 2001 WL 262827 (S.D.N.Y., March 16, 2001); *Ronzani v. Sanofi*, 899 F.2d 195, 198 (1990), citing *Foman v. Davis*, 371 U.S. 178 (1962).

Given Petitioner's *pro se* status, and the difficulties faced in trying to sort through his various claims, the Court can find no undue delay, bad faith, or dilatory motive on behalf of

Petitioner.  Taking a liberal approach in reviewing Petitioner's motion to amend, the Court **grants** the motion.  Respondent may of course address the merits of Petitioner's newly amended claims in his response to the Amended Petition.

The parties are advised, however, that in granting Petitioner permission to file the Amended Petition, <u>**the Court makes no ruling whatsoever on the merits of the claims set forth in the Amended Petition**</u>.

## II.  Motion to stay this proceeding

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable.  In cases such as this, where the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition.  The Second Circuit ruled in *Zarvela*, that when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380.  The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies."  *Id*.  The Second Circuit stated:

Therefore, where a district court elects to dismiss only unexhausted claims and stay proceedings as to the balance of the petition, the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days. With the time to initiate exhaustion and to return to federal court thus limited, a stay of the exhausted claims will often be preferable to a dismissal of the entire petition because such a stay will reflect the continued viability of the initially filed exhausted claims.

*Id.* at 381.

In this case, where the New York Court of Appeals denied petitioner leave to appeal his convictions on February 25, 2004,[1] Petitioner's conviction became "final" for purposes of the AEDPA no later than May 25, 2004,[2] and the one year statute of limitations began to run on that date. Absent any tolling, the statute of limitations would have expired on or about May 25, 2005.[3] Because dismissal of this petition may jeopardize petitioner's ability to timely file a renewed petition after state court exhaustion of his additional claims is completed, a stay is clearly preferable.

Accordingly, in light of *Zarvela*, and in order to preserve the viability of Petitioner's exhausted claims, further proceedings in this matter are hereby stayed in order that Petitioner may promptly pursue his unexhausted claims in state court and, if necessary, return to this court

---

[1] *See* Dkt. No. 1 at attachment; *see also People v. Gibson*, 1 NY3d 627 (2004).

[2] A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States).

[3] The filing of a federal habeas corpus petition does not toll the AEDPA's statute of limitations. *Duncan v. Walker*, 531 U.S. 991 (2001). While Petitioner did previously file a 440 motion in state court, leave to appeal from the denial of that motion was ultimately denied by the Court of Appeals on February 25, 2004. *See* Dkt. No. 1 at 3. Since all proceedings on the previous 440 motion concluded before Petitioner's conviction was final, the pendency of that proceeding did not extend Petitioner's statute of limitations.

after exhaustion is completed.  In granting the stay, the Court has also taken into consideration

the fact that the state court has decided to appoint counsel to represent Petitioner during his

newly filed 440 motion, and is intending to hold a hearing on the matter.  In light of this

development, the interests of justice and judicial economy also warrant a stay in this matter.

**III.     Obligation to respond to Amended Petition**

        Since this proceeding has been stayed, Respondent's obligation to respond to the

Amended Petition is also stayed pending further Order of the Court.

        **WHEREFORE**, it is hereby

        **ORDERED**, that Petitioner's motion to amend (Dkt. No. 28) is **GRANTED**.  The signed

original of the Amended Petition, which shall supersede and replace *in toto* the original Petition

filed herein, shall be filed with the Court, if at all, **within thirty (30) days** of the date of this

Order,[4] and it is further

        **ORDERED**, that Petitioner serve a copy of the Amended Petition on opposing counsel

**within thirty (30) days** of the date of this Order, and it is further

        **ORDERED**, that Petitioner's request to stay this action (Dkt. No. 28) is **GRANTED**, and

further proceedings in this matter are hereby **STAYED**, on the following terms and conditions:

**Within thirty (30) days** of the filing date of this Order, Petitioner shall commence in the

appropriate state court one or more post-conviction proceedings by which he asserts the claims

---

        [4] The proposed Amended Petition submitted by Petitioner along with the present motion
shall <u>not</u> be filed by the Clerk as the Amended Petition herein. The Court notes that the proposed
Amended Petition submitted with Petitioner's motion to amend was missing the first page, which
included the caption of this action.  Petitioner should submit to the court a full copy of his Amended
Petition including the missing first page.

for relief which formed the basis of his stay request,[5] and it is further

  **ORDERED**, that **within thirty (30) days** of the resolution of Petitioner's state court proceeding(s), Petitioner must provide a copy of the state court decision(s) concerning the disposition of the newly exhausted claims, and it is further

  **ORDERED**, that Petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s), and it is further

  **ORDERED**, that if Petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration, and it is further

  **ORDERED**, that Respondent's obligation to respond to the Amended Petition is **stayed** pending further Order of the Court, and it is further

  **ORDERED**, that the Clerk serve a copy of this Order upon the parties hereto.

Dated: February 12, 2007
   Syracuse, New York

George H. Lowe
United States Magistrate Judge

_____

[5] Petitioner alleges that he has already filed a 440 motion in state court.

6